IN THE COURT OF COMMON PLEAS IN THE STATE OF DELAWARE

IN AND FOR KENT COUNTY

| | | | |
|---|---|---|---|
| STATE OF DELAWARE | ) | | |
| | ) | Case No.: | 1308004394 |
| v. | ) | | |
| | ) | | |
| BARBARA TINTLE | ) | | |
| Defendant. | ) | | |

James M. Stiller, Jr., Esquire
Schwartz & Schwartz
11409 South State Street
Dover, DE 19901
Attorney for the Defendant

Zachary George, Esq.
Deputy Attorney General
Department of Justice
102 West Water Street
Dover, DE 19901
Attorney for the State

Date Submitted: January 14, 2014
Date Decided: February 28, 2014

## DECISION ON DEFENDANT'S MOTION TO SUPPRESS

Defendant, Barbara Tintle, has been charged with a number of motor vehicle offenses including leaving the scene of a property damage accident, driving under the influence, failure to provide information to the other driver involved in an automobile accident and failure to report an accident to the police. She has filed a motion to suppress all evidence resulting from her stop for these charges on the grounds that the law enforcement officer that stopped her had no legal authority to do so. The Court held a hearing on the motion and reserved decision. This opinion constitutes the Court's decision on the motion. The defendant's motion to suppress all evidence obtained as a result of her stop is granted.

## FACTS

Based on the evidence introduced at the hearing for the defendant's motion, along with the reasonable inferences resulting therefrom, the Court finds the relevant facts to be as follows.

The day of the incident, a Deputy State Fire Marshal (Deputy), assigned to Sussex County, had attended a training session in Smyrna, Delaware. The session had finished and he was on his way home in the State Fire Marshal motor vehicle that had been assigned to him. While traveling southbound on Route 1, in Kent County, Delaware, he heard a "Be On the Look Out" bulletin, otherwise known as a BOLO, on his vehicle's police radio. The BOLO requested that everyone within listening range to be on the lookout for a gray or silver automobile with front end damage in the areas of Kent and Sussex Counties as such a vehicle had been involved in an automobile accident and left the scene. While driving southbound on Route 1, the Deputy observed a vehicle matching the BOLO description driving northbound on Route 1. Therefore, at his first opportunity, he turned his vehicle around and proceeded northbound on Route 1 in pursuit. When he found the suspect vehicle, he activated his emergency lights and siren and conducted a stop. He approached the vehicle and noticed that the defendant was its driver. Ultimately, the Deputy transferred the matter over to a Delaware State Police officer who arrived at the scene. The State Police officer charged the defendant with a number of driving offenses, including leaving the scene of a property damage accident, driving under the influence, failure to provide information to the other driver involved in an automobile accident and failure to report an accident to the police.

The defendant has moved to suppress all evidence resulting from the stop of her automobile. She contends that the Deputy had no legal authority to stop her and that the stop

2

violated her Fourth Amendment right against unreasonable seizure as guaranteed by the United States Constitution.[1]

## DISCUSSION

In her motion to suppress all of the evidence resulting from her stop by the Deputy, the defendant contends that the law enforcement officer who stopped her had no legal authority to do so. The State contends that Deputies State Fire Marshal have statewide law enforcement authority. Therefore, the Deputy had authority to stop and arrest the defendant.

Title 11, Section 1902(a) of the Delaware Code provides that "[a] peace officer may stop any person abroad, or in a public place, who the officer has reasonable ground to suspect is committing, has committed or is about to commit a crime, and may demand the person's name, address, business abroad and destination." A "peace officer" is defined as any public officer authorized by law to make arrests in a criminal case. DEL.CODE ANN.. tit. 11 § 1901(2). Therefore, any law enforcement officer performing a stop of a suspect of a crime must be authorized by law to make an arrest for that crime. The issue before the Court is whether the Deputy, who stopped the defendant pursuant to the BOLO, had authority to arrest her. The Court has come to the conclusion that he did not have such authority. Therefore, he had no authority to make the stop.

The authority for a Deputy State Fire Marshal to make an arrest can be found in that position's jurisdictional statute found at 16 *Del. C.* § 6612. That section provides as follows:

> The State Fire Marshal or the Marshal's Deputy or Deputies, shall
> enforce all laws and ordinances of the State and the several counties,
> cities and political subdivisions thereof *having to do with:*
> (1) Prevention of fires; (2) The storage, sale and use of any

---

[1] The Fourth Amendment of the United States Constitution applies to State of Delaware actions through the Fourteenth Amendment to the United States Constitution.

3

explosive, combustible or other dangerous article in solid, liquid
or gas form; (3) The installation and maintenance of equipment
of all sorts intended for fire control, detection and extinguishment;
(4) The means and adequacy of exit, in case of fire, from buildings
and all other places in which numbers of persons work, live or
congregate from time to time for any purpose, except buildings
used wholly as dwelling houses containing no more than 2 families;
(5) The suppression of arson. (emphasis added.)

In summation, the original jurisdiction over which Deputies Fire Marshal have authority, which would include arrest authority, is to enforce all laws and ordinances of the State, counties, cities and political subdivisions thereof, dealing with prevention of fires, combustible or explosive devices and materials and the suppression of arson. It includes no arrest authority for the detention of people suspected of simply fleeing the scene of an automobile accident.

Title 11, Section 1911 of the Delaware Code provides additional statewide authority to Deputies State Fire Marshal to effectuate a stop and arrest.[2] Section 1911(b) provides that a Deputy State Fire Marshal may arrest without a warrant, at any location within the State, "any person the officer has reasonable grounds to believe is committing or attempting to commit a felony in the officer's presence." Section 1911(b) does not provide authority to stop and arrest to the Deputy in this case, however, as the officer had no reasonable grounds to believe that the defendant was attempting to commit a felony in his presence.

Section 1911(c) also provides authority to Deputies State Fire Marshal to stop and arrest upon view and without a warrant, at any location within the State, "any person when probable cause exists to believe that the person is committing or attempting to commit any crime which creates a substantial risk of death or serious physical injury to another person or which constitutes a violation of section 4177 of Title 21 [driving under the influence]." This section

---

[2] Title 11, Section 1911 of the Delaware Code gives statewide authority to "police officers." Pursuant to 11 *Del. C.* § 1911(a), for purposes of § 1911, "[a] member of the Office of the State Fire Marshal" is considered a police officer.

also does not provide authority to the Deputy in this case to stop the defendant for the BOLO. At the time that the Deputy stopped the defendant, his only information was that she might have fled an automobile accident. He did not possess a reasonable and articulable suspicion to believe that the defendant was committing or attempting to commit any crime which created a substantial risk of death or serious physical injury to another person or which constituted a violation of section 4177 of Title 21, Delaware's driving under the influence law. The State is unable to provide any additional statutory authority to support the argument that the Deputy had legal authority to stop the defendant in this case. Therefore, the Court concludes that no such authority existed.

## CONCLUSION

Base on the foregoing analysis, the Court finds that the law enforcement officer that stopped the defendant had no legal authority to do so in this case. Therefore, the defendant's motion to suppress all evidence obtained as a result of her stop is granted.

**IT IS SO ORDERED this 4th day of MARCH, 2014.**

CHARLES W. WELCH
JUDGE